IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN SANCHEZ ARIAS a minor by and through his Guardian Ad Litem YOLANDA ARIAS,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>    Defendants.                   / | No. 09-00760 CW<br><br>ORDER GRANTING DEFENDANT CARLOS BASURTO'S MOTION FOR SUMMARY JUDGMENT |

    In this civil rights case, Plaintiff Ivan Sanchez Arias alleges that he was wrongfully arrested and subjected to excessive use of force by a California Highway Patrol (CHP) Officer.  Carlos Basurto, a Sergeant for the Sonoma County Sheriff's Department has filed a motion for summary judgment.  Plaintiff opposes the motion with respect to his claims arising under 42 U.S.C. § 1983, but does not oppose Defendant's motion with respect to his state law claims. After considering all of the papers filed by the parties, the Court grants Sergeant Basurto's motion.

BACKGROUND

    Sonoma County has a special task force called the Sonoma County Multi-Agency Gang Enforcement Team (MAGNET) to combat gang violence and gang associated problems in the county.  The MAGNET

team consists of members from the CHP, Sonoma County Sheriff's Department, Santa Rosa Police Department, Rohnert Park Department of Public Safety, Sonoma Police Department, Healdsburg Police Department, Cotati Police Department, Windsor Police Department, Sebastopol Police Department, Santa Rosa Junior College Campus Police, Cloverdale Police Department and Petaluma Police Department.  Defendant Basurto was the supervising sergeant of MAGNET.  He organized and oversaw the daily operations of the unit and its members.

On March 16, 2007, Agent Dale Dutton from the Federal Bureau of Investigation (FBI) presented MAGNET with a list of persons on probation for whom he sought assistance conducting searches.  One person on the list was Jaime Arias, Plaintiff's cousin.  The MAGNET unit believed Jaime Arias lived with Yolanda Arias, Plaintiff's mother, at 435 Link Lane in Santa Rosa.  Members of the MAGNET team drove to this house to conduct a probation search of Jaime Arias.

When Sergeant Basurto arrived at the home, he saw an unidentified male running towards the house and heard California Highway Patrol Officer Bill Harm yell, "Stop, stop."  Sergeant Basurto could not identify who Harm was yelling at, but he assumed it was Jaime Arias.  In fact, the individual running into the house was Plaintiff.  Plaintiff argues that he heard an officer yell for him to "[g]et into the house," opposition at 2, but he does not support this assertion with any admissible evidence.  Officer Harm and Agent Dutton pursued Plaintiff into the house and Sergeant Basurto followed.  Officer Harm and Agent Dutton found Plaintiff inside the home and they asked him to identify himself.  Plaintiff

2

responded, "Fuck off," and yelled at the officers, "You are all a fucking joke.  You have no right to be here and I don't give a shit what you say."  Officer Harm told Plaintiff that they wanted to conduct a probation search of Jaime and they asked him where Jaime was located.  Plaintiff responded, "I don't care and I don't know where he is."  Officer Harm then asked Plaintiff why he ran into the residence and he stated, "Fuck you.  I don't have to listen to you or any of you assholes."  Plaintiff does not dispute any facts with respect to this verbal altercation.  Officer Harm then placed him in handcuffs and took him to Officer Harm's patrol car.  At the same time that Officer Harm handcuffed Plaintiff, Sergeant Basurto spoke with Yolanda Arias and she complained that the person Officer Harm just handcuffed was Plaintiff, not Jaime.  Yolanda then showed Sergeant Basurto all of the rooms in the house to prove that Jaime was not there.

When Sergeant Basurto exited the house, Officer Harm had already placed Plaintiff under arrest and had him seated in the back of Officer Harm's patrol car.  Officer Harm told Sergeant Basurto that he had arrested Plaintiff for violating California Penal Code section 148(a)(1), resisting, delaying or obstructing a peace officer in the discharge of his duties.  Plaintiff claims that, while handcuffed and seated in the backseat of the police car, Officer Harm struck him in the face.  Officer Harm denies this allegation.

Plaintiff filed a suit against the CHP, CHP Commissioner J.A. Farrow, CHP Officer Harm, Sonoma County, Sonoma County Sheriff Bill Cogbill and Sonoma County Sergeant Basurto.  The parties stipulated

3

to dismiss the claims against the CHP, CHP Commissioner J.A. Farrow, Sonoma County and Sheriff Cogbill without prejudice. At issue in the present motion is whether Plaintiff has evidence that Sergeant Basurto violated his civil rights.

## LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

DISCUSSION

Plaintiff asserts his claims against Sergeant Basurto under a respondeat superior theory of liability. However, there "is no respondeat superior liability under section 1983." Taylor, 880 F.2d at 1045; see also Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Liability under section 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 297 F.3d at 1045. Plaintiff offers no evidence that Sergeant Basurto personally participated in Officer Harm's conduct or that he knew of the conduct and failed to prevent it. Sergeant Basurto did not have any physical interaction with Plaintiff. Further, Sergeant Basurto did not arrest Plaintiff nor was he a part of the group of officers that made a decision to arrest Plaintiff. Sergeant Basurto's only role in Plaintiff's arrest was his subsequent review and approval of Officer Harm's Incident Report. Plaintiff cites no law to suggest that this activity alone constitutes a Constitutional violation.

Plaintiff also argues that, because he entered his house at the request of an officer, Sergeant Basurto's entrance into the house and Plaintiff's subsequent arrest was unconstitutional. As noted above, Plaintiff has not submitted or pointed to any evidence in the record to support his allegation that an officer told him to go into the house. Further, even if Plaintiff supported this assertion with admissible evidence, there is no evidence that

5

1 Sergeant Basurto heard the statement.  Moreover, even if an officer
2 told Plaintiff to enter the house, the officers reasonably believed
3 him to be Jaime Arias and they were lawfully pursing him to conduct
4 a probation search.  See Motley v. Parks, 432 F.3d 1072, 1079 (9th
5 Cir. 2005) (officers may search the home of a parolee or
6 probationer without a warrant and without "run[ning] afoul of the
7 Fourth Amendment" so long as "the officers have [probable cause to
8 believe] that they are at the address where . . . the parolee . . .
9 resides");[1] Sanchez v. Canales, 574 F.3d 1169, 1173 (9th Cir. 2009)
10 ("officers may constitutionally detain the occupants of a home
11 during a parole or probation compliance search").

12  Accordingly, the Court grants summary judgment in favor of
13 Sergeant Basurto on all of Plaintiff's claims.

CONCLUSION

15  For the foregoing reasons, the Court grants Defendant Sergeant
16 Basurto's motion for summary judgment.  Docket No. 24.  The case is
17 set for a case management conference on May 13, 2010 at 2:00 p.m.

19  IT IS SO ORDERED.

21 Dated: 05/10/10

CLAUDIA WILKEN
United States District Judge

---

[1] Plaintiff does not claim that the officers did not have probable cause to believe that Jaime Arias lived at 435 Link Lane in Santa Rosa.

6