1  EDMUND G. BROWN JR.
   Attorney General of California
2  TYLER B. PON
   Supervising Deputy Attorney General
3  DAVID W. HAMILTON
   Deputy Attorney General
4  State Bar No. 88587
    1515 Clay Street, 20th Floor
5   P.O. Box 70550
    Oakland, CA 94612-0550
6   Telephone: (510) 622-2193
    Fax: (510) 622-2121
7   E-mail: David.Hamilton@doj.ca.gov

8  *Attorneys for Defendant*
   *Bill Harm*
9

10            IN THE UNITED STATES DISTRICT COURT

11         FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                    OAKLAND DIVISION

13

14 | **IVAN SANCHEZ ARIAS,** | Case No. C 09-00760 CW |
15 | | |
   | Plaintiff, | **DEFENDANT BILL HARM'S** |
16 | | **SEPARATE PROPOSED JURY** |
   | | **INSTRUCTIONS** |
17 | v. | |
   | | Trial Date:              October 18, 2010 |
18 | **CALIFORNIA HIGHWAY PATROL** | Pretrial Conf. Date:   October 5, 2010 |
   | **OFFICER BILL HARM, and DOES 1-50,** | |
19 | | Judge:                 Hon. Claudia Wilken |
   | Defendants. | |
20 | | Action Filed:          November 19, 2008 |

21

22        Pursuant to Federal Rule of Civil Procedure 51, and Northern District Civil Local Rule 16-

23 10, defendant Bill Harm submits the following separate proposed jury instructions which he

24 respectfully requests the Court to give to the jury at the trial of this action:

25

26

27

28

                                    1

1 | Dated:  September 23, 2010

Respectfully submitted,

2

EDMUND G. BROWN JR.
Attorney General of California
3 | TYLER B. PON
Supervising Deputy Attorney General

4

5

       /s/ David W. Hamilton
6 | _____

DAVID W. HAMILTON
Deputy Attorney General

7

*Attorneys for Defendant*
8 | *Bill Harm*

9 | OK2009900708
90159735.doc
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**INDEX TO DEFENDANT BILL HARM'S SEPARATE PROPOSED JURY INSTRUCTIONS**

| NUMBER | 9TH CIRCUIT NO. or CACI NO. | INSTRUCTION | PAGE |
|---|---|---|---|
| 1 | | Negligence Insufficient for Liability; Recklessness Insufficient for Liability | 4 |
| 2 | | Elements of Offense of Resisting, Delaying, or Obstructing a Peace Officer | 5 |
| 3 | | Qualified Immunity | 6 |
| 4 | | Discretionary Immunity | 8 |
| 5 | 9.12 | Particular Rights—Fourth Amendment—Unreasonable Search—Exception to Warrant Requirement—Search Incident to Arrest | 9 |
| 6 | 9.14 | Particular Rights—Fourth Amendment—Unreasonable Search—Exception to Warrant Requirement—Exigent Circumstances | 10 |
| 7 | CACI 1305 | Battery by Peace Officer | 11 |
| 8 | CACI 1320 | Intent (For Intentional Torts) | 13 |
| 9 | CACI 1401 | Essential Factual Elements—False Arrest Without Warrant by Peace Officer | 14 |
| 10 | CACI 1402 | False Arrest Without Warrant—Affirmative Defense—Peace Officer—Probable Cause to Arrest | 15 |
| 11 | CACI 1408 | Affirmative Defense—Police Officer's Lawful Authority to Detain | 16 |
| 12 | CACI 3025 | Bane Act—Essential Factual Elements (Civ. Code, § 52.1) | 17 |
| 13 | | Lawfulness of Probation Searches | 18 |
| 14 | | Immunity of Line Officers | 19 |

1    Defendant Bill Harm's Separate Proposed Jury Instruction No. 1

2

3            **NEGLIGENCE INSUFFICIENT FOR LIABILITY;**
4            **RECKLESSNESS INSUFFICIENT FOR LIABILITY**

5            A police officer's failure to exercise due care in the exercise of his duties is not sufficient to

6    constitute a violation of Constitutional rights.  If you find that the plaintiff suffered an injury due

7    to negligence by defendant Bill Harm, therefore, such negligence does not constitute a

8    Constitutional violation.  Even recklessness or deliberate indifference does not violate the

9    Constitution.  Therefore, if you find that the defendant acted negligently, recklessly, or with

10   deliberate indifference, that does not constitute a violation of the plaintiff's Constitutional rights.

11

12   GIVEN _____

13   MODIFIED _____

14   REFUSED _____

15   WITHDRAWN _____

16

17   Authority:   *County of Sacramento v. Lewis*, 523 U.S. 833 (1998); *Daniels v. Williams*, 474
             U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986); *Buskey v. County of*
18            *Los Angeles*, 968 F.2d 791 (9th Cir. 1992), *cert denied*, 506 U.S. 999 (1992)

19

20

21

22

23

24

25

26

27

28

Defendant Bill Harm's Separate Proposed Jury Instruction No. 2

## ELEMENTS OF OFFENSE OF RESISTING,
## DELAYING, OR OBSTRUCTING A PEACE OFFICER

Under California Penal Code section 148, the legal elements of this offense are that (1) the suspect willfully resisted, delayed, or obstructed a peace officer; (2) when the officer was engaged in the performance of his or her duties; and (3) the suspect knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties.

A person willfully resists, delays, or obstructs a peace officer in the performance of his duties by (among other things) physically resisting, hiding, or running away from the officer; ignoring or disobeying the officer's verbal commands; shouting obscenities at the officer; or interfering with the officer's efforts to conduct a lawful search or perform an investigation.


GIVEN _____

MODIFIED _____

REFUSED _____

WITHDRAWN _____


Authority:   Cal. Penal Code § 148; *In re Muhammed C.*, 95 Cal.App.4th 1325 (2002); *People v. Quiroga*, 16 Cal.App.4th 961 (1993); *People v. Roberts*, 131 Cal.App.3d Supp. 1 (1982); *People v. Allen*, 109 Cal.App.3d 981 (1980); *In re Gregory S.*, 112 Cal.App.3d 764 (1980); *Lassiter v. City of Bremerton*, 556 F.3d 1049 (9th Cir. 2009)

Defendant Bill Harm's Separate Proposed Jury Instruction No. 3

**QUALIFIED IMMUNITY**

Qualified immunity is an affirmative defense for a police officer charged with a violation of a plaintiff's federal constitutional rights. Qualified immunity, if established, protects a defendant from liability for claims of violation of federal constitutional rights caused by the use of excessive force. The test for immunity is objective, so you must measure CHP Officer Bill Harm's actions against the actions of a reasonable CHP officer. The burden of proof in establishing the defense, by a preponderance of the evidence, is on Officer Harm.

To decide whether Officer Harm is immune from liability on the plaintiff's federal constitutional rights claim, you may consider two questions set forth in separate interrogatories to you, as follows:

First, you must decide whether a reasonable CHP officer in Officer Harm's position could have <u>believed</u> that the force he used was objectively reasonable under the totality of the circumstances. If you find that the force Officer Harm used was objectively reasonable under the totality of the circumstances, then Officer Harm is immune from liability for violation of the plaintiff's constitutional rights, and you should so find and you should not consider this issue any further.

However, if you find that a reasonable CHP officer in Officer Harm's position would not have used the force that Officer Harm used, then, and only then, you must consider the second question. That question is whether it would have been <u>clear</u> to a reasonable CHP officer in Officer Harm's position that his conduct was unlawful in the stitution he confronted. If you determine that it would <u>not</u> have been clear to a reasonable CHP officer in Officer Harm's position that his conduct was unlawful, then you must find that Officer Harm is immune from liability for violation of plaintiff's federal constitutional rights. If you decide that it would have been clear to a reasonable CHP officer in Officer Harm's position that his conduct was unlawful, then Officer Harm is not entitled to qualified immunity from liability.

GIVEN _____

MODIFIED _____

REFUSED _____

WITHDRAWN _____

Authority:   *Saucier v. Katz*, 533 U.S. 194, 201-202 (2001) [standard of proof]; *see Santos v. Gates, et al.,* 287 F.3d 846, 855 (9th Cir. 2002) [where there are disputed issues of fact regarding the amount of force used and the circumstances under which it was applied, question of qualified immunity properly reserved for the jury]; *Chew v. Gates, et al.*, 27 F.3d 1432, 1443 (9th Cir. 1994), *cert denied*, 513 U.S. 1148 (1995) [same]

Def. Bill Harm's Separate Proposed Jury Instructions  (C 09-00760 CW)

1    Defendant Bill Harm's Separate Proposed Jury Instruction No. 4

2

3    **DISCRETIONARY IMMUNITY**

4    Discretionary immunity is an affirmative defense for a defendant charged with violation of

5    state law, in this case, false arrest and battery.  Discretionary immunity, if established, protects

6    defendant California Highway Patrol Officer Bill Harm from liability for claims of violation of

7    state law.  The burden of proof in establishing this defense, by a preponderance of the evidence, is

8    on defendant Bill Harm.

9    To decide whether Bill Harm is immune from liability for violations of state law, you must

10   consider whether he is entitled to discretionary immunity from liability for his discretionary acts.

11   Defendant Harm is entitled to discretionary immunity from liability for his discretionary acts if

12   his acts or his omissions (that is, failures to act) were the result of discretion vested in him by

13   virtue of his position as a CHP officer.  Discretion is the power or right to decide according to

14   one's own judgment.  In considering application of the immunity, it is irrelevant whether or not

15   defendant Harm abused the discretion vested in him.

16   If you determine that Bill Harm's acts or omissions were the result of discretion vested in

17   him by his position as a CHP officer, then you should so find, and you should not consider this

18   issue any further.

19

20   GIVEN _____

21   MODIFIED _____

22   REFUSED _____

23   WITHDRAWN _____

24

25   Authority:   California Government Code § 820.2; *Martinez v. County of Los Angeles*, 47
                  Cal.App.4th 334, 349 (1996)

26

27

28

8

Defendant Bill Harm's Separate Proposed Jury Instruction No. 5

**PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEARCH—
EXCEPTION TO WARRANT REQUIREMENT—SEARCH INCIDENT TO ARREST**

In general, a search of a person or person's residence is unreasonable under the Fourth Amendment if the search is not authorized by a search warrant. [A "search warrant" is a written order signed by a judge that permits a law enforcement officer to search a particular person, place, or thing.] Under an exception to this rule, a search warrant is not required and a search is reasonable if the search is incident to a lawful arrest.

[I instruct you that the arrest of the plaintiff was a lawful arrest.] [I instruct you that the arrest of the plaintiff was a lawful arrest if *[insert applicable legal standard, i.e., insert elements to show probable cause to arrest for a particular crime]*]].

A search is "incident to" a lawful arrest if:

1.  It occurs contemporaneously with the arrest, that is, at the same time or shortly after the arrest and without any intervening events separating the search from the arrest; and

2.  It is limited to a search of the person arrested and the immediate area within which that person might gain possession of a weapon or might destroy or hide evidence.

In order to prove the search in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that this exception to the warrant requirement does not apply; that is, that the search was not incident to a lawful arrest.


GIVEN _____

MODIFIED _____

REFUSED _____

WITHDRAWN _____


Authority:   Manual of Model Civil Jury Instructions for the Ninth Circuit,
              Instruction No. 9.12 (2007)

Defendant Bill Harm's Separate Proposed Jury Instruction No. 6

**PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEARCH—
EXCEPTION TO WARRANT REQUIREMENT—EXIGENT CIRCUMSTANCES**

In general, a search of a person or a person's residence is unreasonable under the Fourth Amendment if the search is not conducted pursuant to a search warrant.  [A "search warrant" is a written order signed by a judge that permits a law enforcement officer to search a particular person, place, or thing.]  Under an exception to this rule, a search warrant is not required and a search is reasonable if:

1.   All of the circumstances known to the officers at the time would cause a reasonable person to believe that the entry or the search was necessary to prevent physical harm to the officers or other persons, destruction of evidence, or escape of a suspect, and

2.   There was insufficient time to get a search warrant.

In order to prove the search in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that this exception to the warrant requirement does not apply.

GIVEN _____

MODIFIED _____

REFUSED _____

WITHDRAWN _____

Authority:  Manual of Model Civil Jury Instructions for the Ninth Circuit,
Instruction No. 9.14 (2007)

1    Defendant Bill Harm's Separate Proposed Jury Instruction No. 7

2

3    **BATTERY BY PEACE OFFICER**

4        Plaintiff Ivan Sanchez Arias claims that defendant Bill Harm harmed him by using

5    unreasonableforce to arrest him.  To establish this claim, plaintiff Ivan Sanchez Arias must prove

6    all of thefollowing:

7        1.    That defendant Bill Harm intentionally touched plaintiff Ivan Sanchez Arias or

8             caused plaintiff to be touched;

9        2.    That defendant Bill Harm used unreasonable force to arrest plaintiff Ivan Sanchez

10            Arias;

11       3.    That plaintiff Ivan Sanchez Arias did not consent to the use of that force;

12       4.    That plaintiff Ivan Sanchez Arias was harmed; and

13       4.    That defendant Bill Harm's use of unreasonable force was a substantial factor in

14            causing plaintiff Ivan Sanchez Arias's harm.

15       A peace officer like defendant Bill Harm, a California Highway Patrol Officer, may use

16   reasonable force to arrest or detain a person when he or she has reasonable cause to believe that

17   that person has committed a crime.  Even if the peace officer is mistaken, a person being arrested

18   or detained has a duty not to use force to resist the officer unless the officer is using unreasonable

19   force.

20       In deciding whether defendant Bill Harm used unreasonable force, you must determine the

21   amount of force that would have appeared reasonable to a peace officer in defendant Bill Harm's

22   position under the same or similar circumstances.  You should consider, among others factors, the

23   following:

24           a.    The seriousness of the crime at issue;

25           b.    Whether plaintiff Ivan Sanchez Arias reasonably appeared to pose an

26            immediate threat to the safety of defendant Bill Harm or others; and

27           c.    Whether plaintiff Ivan Sanchez Arias was actively resisting arrest or

28            attempting to evade arrest.

A peace officer such as a California Highway Patrol Officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

GIVEN _____

MODIFIED _____

REFUSED _____

WITHDRAWN _____

Authority:  CACI 1305

Defendant Bill Harm's Separate Proposed Jury Instruction No. 8

**INTENT (FOR INTENTIONAL TORTS)**

Defendant Bill Harm acted intentionally if he intended to commit a battery against plaintiff Ivan Sanchez Arias or if he was substantially certain that the battery would result from his conduct.

GIVEN _____

MODIFIED _____

REFUSED _____

WITHDRAWN _____

Authority:  CACI 1320

Defendant Bill Harm's Separate Proposed Jury Instruction No. 9

**ESSENTIAL FACTUAL ELEMENTS—FALSE ARREST
WITHOUT WARRANT BY PEACE OFFICER**

Plaintiff Ivan Sanchez Arias claims that he was wrongfully arrested by defendant Bill Harm.  To establish this claim, plaintiff Ivan Sanchez Arias must prove all of the following:

    1.    That defendant Bill Harm arrested plaintiff Ivan Sanchez Arias without a warrant;

    2.    That plaintiff Ivan Sanchez Arias was [actually] harmed; and

    3.    That defendant Bill Harm's conduct was a substantial factor in causing plaintiff Ivan Sanchez Arias's harm.

GIVEN _____

MODIFIED _____

REFUSED _____

WITHDRAWN _____

Authority:  CACI 1401

14

Defendant Bill Harm's Separate Proposed Jury Instruction No. 10

**FALSE ARREST WITHOUT WARRANT—AFFIRMATIVE DEFENSE—
PEACE OFFICER—PROBABLE CAUSE TO ARREST**

Defendant Bill Harm claims the arrest was not wrongful because he had the authority to arrest plaintiff Ivan Sanchez Arias without a warrant.

If defendant Bill Harm has proven that he reasonably suspected that plaintiff Ivan Sanchez Arias ran into his house from outside with the intent to warn a suspect or probationer so that he could escape; hide or destroy evidence; obtain a weapon in order to do harm to a police officer or someone else; or otherwise resist, delay, or obstruct a peace officer in the discharge or attempted discharge of his duty, then defendant Bill Harm had the authority to arrest plaintiff Ivan Sanchez Arias without a warrant.

GIVEN _____

MODIFIED _____

REFUSED _____

WITHDRAWN _____

Authority:  CACI 1402

Defendant Bill Harm's Separate Proposed Jury Instruction No. 11

**AFFIRMATIVE DEFENSE—POLICE OFFICER'S
LAWFUL AUTHORITY TO DETAIN**

Defendant Bill Harm claims that the detention was not wrongful because he had a right to detain plaintiff Ivan Sanchez Arias for questioning or other limited investigation.

If defendant Bill Harm has proven that he reasonably suspected that plaintiff Ivan Sanchez Arias ran into his house from outside with the intent to warn a suspect or probationer so that he could escape; hide or destroy evidence; obtain a weapon in order to do harm to a police officer or someone else; or otherwise resist, delay, or obstruct a peace officer in the discharge or attempted discharge of his duty, then defendant Bill Harm had a right to detain plaintiff Ivan Sanchez Arias for questioning or other limited investigation.

GIVEN _____

MODIFIED _____

REFUSED _____

WITHDRAWN _____

Authority:  CACI 1408

16

1    Defendant Bill Harm's Separate Proposed Jury Instruction No. 12

2

3    **BANE ACT—ESSENTIAL FACTUAL ELEMENTS (CIV. CODE, § 52.1)**

4    Plaintiff Ivan Sanchez Arias claims that defendant Bill Harm intentionally interfered with

5    [or attempted to interfere with] his civil rights by threatening or committing violent acts.  To

6    establish this claim, plaintiff Ivan Sanchez Arias must prove all of the following:

7        1.    That defendant Bill Harm interfered with [or attempted to interfere with] plaintiff

8              Ivan Sanchez Arias's right First Amendment rights by threatening or committing

9              violent acts;

10       2.    That plaintiff Ivan Sanchez Arias reasonably believed that if he exercised his First

11             Amendment right of free speech, defendant Bill Harm would commit violence

12             against him or his property; or

13             That defendant Bill Harm injured plaintiff Ivan Sanchez Arias to prevent him from

14             exercising his First Amendment rights, or to retaliate against plaintiff Ivan Sanchez

15             Arias for having exercised his First Amendment rights;

16       3.    That plaintiff Ivan Sanchez Arias was harmed; and

17       4.    That defendant Bill Harm's conduct was a substantial factor in causing plaintiff Ivan

18             Sanchez Arias's harm.

19

20   GIVEN _____

21   MODIFIED _____

22   REFUSED _____

23   WITHDRAWN _____

24
25   Authority:  CACI 3025

26

27

28

Defendant Bill Harm's Separate Proposed Jury Instruction No. 13

### LAWFULNESS OF PROBATION SEARCHES

When a person is on probation, the law permits a peace officer to search that person without a warrant and without suspicion of criminal conduct, so long as a court has imposed a condition of probation on that person allowing such a search.  Therefore, when a court has imposed a warrantless search provision as a condition of the person's probation, a peace officer may lawfully search that person, and his residence and vehicle, without a search warrant and without suspicion of criminal wrongdoing by the person who is on probation.

GIVEN _____

MODIFIED _____

REFUSED _____

WITHDRAWN _____

Authority:  *People v. Brown*, 191 Cal.App.3d 761, 765-766 (1987); *People v. Sardinas*, 170 Cal.App.4th 488 (2009); *People v. Smith*, 172 Cal.App.4th 1354, 1360 (2009)

1    Defendant Bill Harm's Separate Proposed Jury Instruction No. 14

2

3    **IMMUNITY OF LINE OFFICERS**

4        The law recognizes that effective and efficient law enforcement requires cooperation among

5    peace officers and division of labor to function.  For that reason, law enforcement officers are

6    generally entitled to rely on information obtained from fellow peace officers.  The law also

7    recognizes a distinction between lead officers and line officers when police officers conduct

8    searches as a team.  The lead officer or officers who plan and lead a search have more

9    responsibility for ensuring that there is lawful authority for a search than do the line officers who

10   help execute a search.  Thus, when a lead officer provides a last known address for the subject of

11   a search, a line officer who participates in that search is immune from liability if the information

12   provided by the lead officer turns out to be erroneous, as long as the line officer has an

13   objectively reasonable, good-faith belief that he is acting pursuant to proper authority.

14

15   GIVEN _____

16   MODIFIED _____

17   REFUSED _____

18   WITHDRAWN _____

19

20   Authority:  *Motley v. Parks*, 432 F.3d 1072, 1081-1082 (9th Cir. 2005); *Ramirez v. Butte-Silver
              Bow County*, 298 F.3d 1022, 1027-1028 (9th Cir. 2002), *aff'd*, 540 U.S. 551 (2004)

21

22

23

24

25

26

27

28