IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN SANCHEZ ARIAS, a minor by and through his Guardian Ad Litem YOLANDA ARIAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM HARM, California Highway Patrol Officer,<br><br>　　　　Defendant._____/ | No. C 09-00760 CW<br><br>PRELIMINARY JURY INSTRUCTIONS |

**DUTY OF THE JURY**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion

regarding the evidence or what your verdict should be.  It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influence by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some or ignore others; they are all important.

### CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

In this lawsuit Plaintiff claims that Defendant violated his constitutional rights, under the First and Fourth Amendments, in the following ways: (1) Plaintiff was unreasonably detained by Defendant, (2) Defendant searched Plaintiff's home without reasonable cause, (3) Defendant falsely arrested Plaintiff; (4) Defendant used excessive force against Plaintiff; and (5) Defendant arrested Plaintiff in retaliation for exercises his First Amendment rights to free speech and expression.  Plaintiff has the burden of proving these claims.  Defendant denies those claims.

### BURDEN OF PROOF-PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded

2

by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are, consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers may agree.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you see or hear when the Court is not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.  If I instruct you that an item of evidence is admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider

4

both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case and any bias or prejudice;

(5)  whether other evidence contradicts the witness's testimony;

(6)  the reasonableness of the witness's testimony in light of all the evidence; and

(7)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinion and all the other evidence in the case.

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

6

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**JURY TO BE GUIDED BY OFFICIAL ENGLISH**

**TRANSLATION/INTERPRETATION**

Languages other than English may be used during this trial.  The evidence to be considered by you is only that provided through the official court interpreters and translators.  Although you may know Spanish, it is important that all jurors consider the same evidence.  Therefore, you must accept the English interpretation and translation.  You must disregard any different meaning.

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand

7

what that party expects the evidence will show.  A party is not required to make an opening statement.

Plaintiff will then present evidence, and counsel for Defendant may cross examine.  Then Defendant may present evidence, and counsel for Plaintiff may cross examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**CIVIL RIGHTS CLAIM - INTRODUCTORY INSTRUCTION**

Plaintiff brings his claims under the federal civil rights statute, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**CIVIL RIGHTS CLAIM - ELEMENTS AND BURDEN OF PROOF**

The parties agree that Defendant acted under color of state law.  Therefore, in order to prevail on his civil rights claim against Defendant, Plaintiff must prove by a preponderance of the evidence that Defendant's acts deprived him of his rights under the United States Constitution as explained in later instructions.

In this case, Plaintiff has alleged five ways that Defendant violated his constitutional rights.  If you find Plaintiff has proved the elements he is required to prove under the instructions regarding (1) unreasonable detention under the Fourth Amendment, (2) unreasonable search under the

Fourth Amendment, (3) probable cause to arrest under the Fourth Amendment, (4) excessive force under the Fourth Amendment, or (5) retaliation in violation of the First Amendment, your verdict should be for Plaintiff.  If, on the other hand, Plaintiff has failed to prove any of these violations, your verdict should be for Defendant.

**FOURTH AMENDMENT RIGHTS - UNREASONABLE DETENTION**

As previously explained, Plaintiff has the burden to prove that the acts of Defendant deprived Plaintiff of particular rights under the United States Constitution.  In this case, Plaintiff's first allegation is that Defendant deprived him of his rights under the Fourth Amendment when Defendant entered his house and detained him.

Under the Fourth Amendment, a person has the right to be free from an unreasonable detention.  In order to prove that Defendant deprived him of his Fourth Amendment right, Plaintiff must prove the following elements by a preponderance of the evidence:

1. Defendant detained Plaintiff;
2. In detaining Plaintiff, Defendant acted intentionally; and
3. The detention was unreasonable.

A defendant law enforcement officer detains a person when he restrains the person's liberty by physical force or a show of authority.  A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and go about his business.

9

In determining whether a reasonable person in Plaintiff's position would have felt free to leave, consider all of the circumstances, including

1. The number of officers present;
2. Whether weapons were displayed;
3. Whether the encounter occurred in a public or nonpublic setting;
4. Whether the officer's manner would imply that compliance would be compelled; and
5. Whether the officers advised the person that he was free to leave.

The detention in this case is reasonable if, under all of the circumstances known to Defendant at the time, he had a reasonable suspicion that Plaintiff was engaged in criminal activity, and the length and scope of the detention was reasonable.  Reasonable suspicion is an objectively reasonable belief based on specific and articulable facts that the particular person detained is engaged in criminal activity.  To determine whether the length and scope of the detention was reasonable, consider how Defendant restricted Plaintiff's liberty and Defendant's reason for using such a method and the length of time.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Thus, Plaintiff must prove that Defendant meant to engage in the acts that caused a detention of Plaintiff's person.  Although Plaintiff does not need to prove Defendant intended to violate Plaintiff's Fourth Amendment rights, it is not enough

10

if Plaintiff only proves that Defendant acted negligently, accidentally or inadvertently.

### FOURTH AMENDMENT RIGHTS - UNREASONABLE SEARCH

In this case, Plaintiff's second allegation is that Defendant deprived him of his rights under the Fourth Amendment to the Constitution when Defendant searched his house.

Under the Fourth Amendment, a person has the right to be free from an unreasonable search of his residence.  In order to prove Defendant deprived Plaintiff of this Fourth Amendment right, Plaintiff must prove the following additional elements by a preponderance of the evidence:

1.  Defendant searched Plaintiff's residence;

2.  In conducting the search, Defendant acted intentionally; and

3.  The search was unreasonable.

A person acts "intentionally" when the person acts with a conscious goal to engage in a particular act.  Thus, Plaintiff must prove that Defendant meant to search Plaintiff's residence.  Although Plaintiff does not need to prove Defendant intended to violate Plaintiff's Fourth Amendment rights, it is not enough if Plaintiff only proves Defendant acted negligently, accidentally or inadvertently in conducting the search.

### LAWFULNESS OF PROBATION SEARCHES

In this case, Defendant denies that he searched the home of Ivan Arias, but he alleges that the officers who did search it did so because they believed that Jaime Arias, Ivan

11

Arias' cousin, was residing there. The parties agree that a term of Jaime Arias' court-ordered probation authorized law enforcement agents to search his residence at any time without any showing of probable cause. When a person is on probation, the law permits a peace officer to search that person's residence, without a warrant and without suspicion of criminal conduct, so long as a court has imposed a condition of probation on that person allowing such a search.

Law enforcement, however, must have probable cause to believe the probationer actually lives at the residence searched. Therefore, Plaintiff must prove that Defendant searched Ivan Arias' residence, and Plaintiff must also prove that Defendant did not have probable cause to believe that Jaime Arias lived at the 435 Link Lane residence. If Plaintiff proves that Defendant lacked probable cause to believe that Jaime Arias lived at the 435 Link Lane address, then Defendant's search of the home was unreasonable under the Fourth Amendment. The facts known to the officers at the time of the search must have been sufficient to support a belief in a person of reasonable caution that Jaime Arias lived at 435 Link Lane.

To determine whether Defendant had probable cause, you must examine the "totality of the circumstances" in a common sense manner.

**FOURTH AMENDMENT RIGHTS - PROBABLE CAUSE TO ARREST**

Plaintiff's third allegation is that Defendant deprived him of his rights under the Fourth Amendment by arresting him without probable cause.

12

Under the Fourth Amendment, the arrest of a person without a warrant is reasonable if the arresting officer had probable cause to believe the person was committing a crime in the presence of the officer.  In order to prove the arrest in this case was unreasonable, Plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable officer would conclude there is a fair probability that Plaintiff was committing a crime.

### DEFINITION OF RESISTING DELAYING, OR OBSTRUCTING A PEACE OFFICER

In this case Defendant arrested Plaintiff for willfully resisting, delaying, or obstructing a peace officer in the discharge or attempted discharge of the officer's duty.  Under the California Penal Code such conduct is a crime.

The definition of this offense is that (1) the suspect willfully resisted, delayed, or obstructed a peace officer; (2) when the officer was engaged in the performance of his duties; and (3) the suspect knew or reasonably should have known that the other person was a peace officer engaged in the performance of his duties.

A person willfully resists, delays, or obstructs a peace officer in the performance of his duties by (among other things) physically resisting, hiding, or running away from the officer; ignoring or disobeying the officer's verbal

13

commands; or interfering with the officer's efforts to conduct a lawful search or perform an investigation.

**FOURTH AMENDMENT RIGHTS- EXCESSIVE FORCE**

Plaintiff's fourth allegation is that Defendant deprived him of his rights under the Fourth Amendment when Defendant used excessive force against him.

In general, an arrest of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest. Thus, in order to prove an unreasonable arrest in this case, Plaintiff must prove by a preponderance of the evidence that Defendant used excessive force when he arrested Plaintiff.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether Defendant used excessive force in this case, consider all of the circumstances known to Defendant on the scene, including:

1. The severity of the crime or other circumstances to which Defendant was responding;

2. Whether Plaintiff posed an immediate threat to Defendant's safety or to others' safety;

3. Whether Plaintiff was actively resisting arrest or attempting to evade arrest by flight;

14

4. The amount of time and any changing circumstances during which Defendant had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used.

**FIRST AMENDMENT RIGHTS - RETALIATION FOR EXERCISE OF FREE SPEECH OR EXPRESSION**

Plaintiff's fifth allegation is that Defendant deprived him of his rights under the First Amendment of the Constitution by arresting Plaintiff in retaliation for his exercise of free speech and expression. Under the First Amendment, Plaintiff had the right to free expression and speech. In order to prove that Defendant violated his First Amendment right, Plaintiff must prove the following elements by a preponderance of the evidence:

1. Plaintiff engaged in speech or expression protected under the First Amendment;

2. Defendant took action against Plaintiff; and

3. Plaintiff's protected speech and expression, or the chilling of Plaintiff's protected speech and expression, were a substantial or motivating factor for Defendant's action.

A substantial or motivating factor is a significant factor.

**CAUSATION**

In order to establish that the acts of Defendant deprived Plaintiff of his rights under the United States Constitution as explained in these instructions, Plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of Plaintiff's

15

rights as to be the moving force that caused the ultimate injury.

## NEGLIGENCE AND RECKLESSNESS INSUFFICIENT FOR LIABILITY

A police officer's failure to exercise due care in the exercise of his duties is not sufficient to constitute a violation of Constitutional rights.  If you find that Plaintiff suffered an injury due to negligence by Defendant, therefore, such negligence does not constitute a Constitutional violation.  Even recklessness does not violate the Constitution.  Therefore, if you find that Defendant acted negligently or recklessly, that does not constitute a violation of Plaintiff's constitutional rights.

## COMPENSATORY DAMAGES

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you return a verdict for Plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of Defendant's conduct.  Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendant.

You may award actual damages only for those injuries which you find that Plaintiff has proven by a preponderance of the evidence.  Moreover, you may award actual damages only for those injuries which you find Plaintiff has proven by

16

preponderance of the evidence to have been the direct result of Defendant's conduct that violated Plaintiff's rights.  That is, you may not simply award actual damages for any injury suffered by Plaintiff -- you may award actual damages only for those injuries that are a direct result of actions by Defendant and that are a direct result of conduct by Defendant which violated Plaintiff's rights.

Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.  It is for you to determine what damages, if any, have been proved.

**MEASURES OF TYPES OF DAMAGES**

In determining the measure of damages, you should consider the nature and extent of Plaintiff's injuries:

The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future; and the reasonable value of necessary medical care, treatment, and services received to the present time.

**NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages.  If you find for Plaintiff but you find that Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

17

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, on Facebook, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in this case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or

18

commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information please notify the court immediately.

Dated: 10/24/2010

CLAUDIA WILKEN
United States District Judge