IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN SANCHEZ ARIAS, a minor by and through his Guardian Ad Litem YOLANDA ARIAS,<br><br>          Plaintiff,<br><br>     v.<br><br>WILLIAM HARM, California Highway Patrol Officer,<br><br>          Defendant. | No. 09-cv-00760 CW<br><br>DRAFT FINAL JURY INSTRUCTIONS |

**DUTY OF THE JURY**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law that applies to the case.

A copy of these instructions will be sent with you to the jury room when you deliberate. You should discard the preliminary instructions; the final instructions control and you need not concern yourselves with differences between them and the preliminary instructions. You must not infer from these instructions or from anything I may say or do that I have an

opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**CLAIMS AND DEFENSES**

In this lawsuit Plaintiff claims that Defendant violated his constitutional rights, under the First and Fourth Amendments, in the following ways: (1) Defendant arrested Plaintiff without probable cause; (2) Defendant arrested Plaintiff in retaliation for exercising his First Amendment rights to free speech and expression; and (3) Defendant used excessive force against Plaintiff. Plaintiff has the burden of proving these claims. Defendant denies the claims.

**BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

Plaintiff must prove his claims by a preponderance of the evidence. When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more

probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are, consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers may agree.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  You should not be influenced by the objection or by the Court's ruling on it.

(3) Testimony that was excluded or stricken, or that you were

3

instructed to disregard, is not evidence and must not be considered.

(4) Anything you see or hear when the Court is not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the witness was permitted to answer the question.  If I sustained the objection, the witness was not permitted to answer the question.  If I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard. [If applicable]

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find

4

another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicts the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**OPINION EVIDENCE -- EXPERT WITNESSES**

Certain expert witnesses, because of their education and experience, were permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**CIVIL RIGHTS CLAIM - INTRODUCTORY INSTRUCTION**

Plaintiff brings his claims under the federal civil rights statute, which provides that any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**CIVIL RIGHTS CLAIM - ELEMENTS AND BURDEN OF PROOF**

The parties agree that Defendant acted under color of state law.  Therefore, in order to prevail on his civil rights claim against Defendant, Plaintiff must prove by a preponderance of the evidence that Defendant's acts deprived him of his rights under the United States Constitution.

In this case, Plaintiff has alleged three ways that Defendant violated his constitutional rights.  If you find Plaintiff has proved the elements he is required to prove under the instructions

6

regarding (1) probable cause to arrest under the Fourth Amendment, (2) retaliation for speech and expression in violation of the First Amendment, or (3) excessive force under the Fourth Amendment, your verdict should be for Plaintiff.  If, on the other hand, Plaintiff fails to prove any of these violations, your verdict should be for Defendant.

**FOURTH AMENDMENT RIGHTS - PROBABLE CAUSE TO ARREST**

Plaintiff's first allegation is that Defendant deprived him of his rights under the Fourth Amendment by arresting him without probable cause.

Under the Fourth Amendment, the arrest of a person without a warrant is reasonable if the arresting officer had probable cause to believe the person was committing a crime in the presence of the officer.  In order to prove the arrest in this case was unreasonable, Plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to Defendant at the time, an objectively reasonable officer would conclude there is a fair probability that Plaintiff was committing a crime.

**DEFINITION OF RESISTING, DELAYING, OR OBSTRUCTING A PEACE OFFICER**

In this case Defendant arrested Plaintiff for willfully resisting, delaying, or obstructing a peace officer in the discharge or attempted discharge of the officer's duty.  Under the

7

California Penal Code such conduct is a crime.

The definition of this offense is that (1) the suspect willfully resisted, delayed, or obstructed a peace officer; (2) when the officer was engaged in the performance of his duties; and (3) the suspect knew or reasonably should have known that the other person was a peace officer engaged in the performance of his duties.

A person willfully resists, delays, or obstructs a peace officer in the performance of his duties by (among other things) physically resisting, hiding, or running away from the officer in violation of a lawful verbal command; ignoring or disobeying the officer's lawful verbal commands; or interfering with the officer's efforts to conduct a lawful search or perform an investigation. Among other things, Defendant claims that Plaintiff disobeyed his lawful command to stop. An officer may lawfully stop and detain the occupants of a home during a probation search.

**FIRST AMENDMENT RIGHTS - RETALIATION FOR EXERCISE OF FREE SPEECH OR EXPRESSION**

Plaintiff's second allegation is that Defendant deprived him of his rights under the First Amendment of the Constitution by arresting Plaintiff in retaliation for his exercise of free speech and expression. Under the First Amendment, Plaintiff had the right to free expression and speech. In order to prove that Defendant violated his First Amendment right, Plaintiff must prove the following elements by a preponderance of the evidence:

8

1. Plaintiff engaged in speech or expression protected under the First Amendment;

2. Defendant took action against Plaintiff; and

3. Plaintiff's protected speech and expression, or the chilling of Plaintiff's protected speech and expression, were a substantial or motivating factor for Defendant's action.

A substantial or motivating factor is a significant factor.

### FOURTH AMENDMENT RIGHTS - EXCESSIVE FORCE

Plaintiff's third allegation is that Defendant deprived him of his rights under the Fourth Amendment when Defendant used excessive force against him.

In general, an arrest of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest. Thus, in order to prove an unreasonable arrest in this case, Plaintiff must prove by a preponderance of the evidence that Defendant used excessive force when he arrested Plaintiff.

If Defendant punched Plaintiff in the face as Plaintiff claims, that would amount to excessive force.

### CAUSATION

In order to establish that the acts of Defendant deprived Plaintiff of his rights under the United States Constitution as explained in these instructions, Plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of Plaintiff's rights as to be the moving force

9

that caused the ultimate injury.

## NEGLIGENCE AND RECKLESSNESS INSUFFICIENT FOR LIABILITY

A police officer's failure to exercise due care in the exercise of his duties is not sufficient to constitute a violation of Constitutional rights.  If you find that Plaintiff suffered an injury due to negligence by Defendant, therefore, such negligence does not constitute a Constitutional violation.  Even recklessness does not violate the Constitution.  Therefore, if you find that Defendant acted negligently or recklessly, that does not constitute a violation of Plaintiff's constitutional rights.

## COMPENSATORY DAMAGES

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you return a verdict for Plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of Defendant's conduct.  Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendant.

You may award actual damages only for those injuries which you find that Plaintiff has proven by a preponderance of the evidence. Moreover, you may award actual damages only for those injuries which you find Plaintiff has proven by preponderance of the

10

evidence to have been the direct result of Defendant's conduct that violated Plaintiff's rights. That is, you may not simply award actual damages for any injury suffered by Plaintiff -- you may award actual damages only for those injuries that are a direct result of actions by Defendant and that are a direct result of conduct by Defendant which violated Plaintiff's rights.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. It is for you to determine what damages, if any, have been proved.

**MEASURES OF TYPES OF DAMAGES**

In determining the measure of damages, you should consider the nature and extent of the mental, physical, emotional pain and suffering Plaintiff experienced and which, with reasonable probability, he will experience in the future.

**NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages. If you find for Plaintiff but you find that Plaintiff has failed to prove damages as defined in these instructions, nominal damages will be awarded. Nominal damages do not exceed one dollar.

**PUNITIVE DAMAGES**

If you find for Plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to

11

punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that Defendant's conduct that harmed Plaintiff was malicious, oppressive, driven by evil motive or intent, or involves callous indifference to Plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Plaintiff.  Conduct is in callous disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights, or if Defendant acts in the face of a perceived risk that his actions will violate Plaintiff's rights under federal law.  An act or omission is oppressive if Defendant injures or damages or otherwise violates the rights of Plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of Plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but

12

should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of Defendant's conduct, including whether the conduct that harmed Plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to punish Defendant for harm to anyone other than Plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on Plaintiff.

Punitive damages may be awarded even if you award Plaintiff only nominal, and not compensatory, damages.

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

**JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION**

The Spanish language was used during this trial.  The evidence you are to consider is only that provided through the official court translators.  Although some of you may understand Spanish, it is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence

13

presented in the English translation. You must disregard any different meaning of the non-English words.

### DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

### COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.

Dated: _____

CLAUDIA WILKEN

United States District Judge